## FIRE DEPARTMENT OF THE CITY OF TROY *v.* BACON.

### June, 1867.

Under the act of 1849 (*L.* 1849, p. 239, c. 178), as amended by the act of 1857 (2 *L.* 1857, p. 171, c. 548), one who acts as agent of a foreign fire insurance association, in any city or incorporated village of the State, except the city of New York, must give bond for an annual accounting to the fire department, and payment of two per cent. of premiums, &c.

In a statute repealing a general law so far as it applied to a particular locality,—*Held*, that a proviso was local.

Plaintiffs sued Jared G. Bacon and Joseph Maulin in the supreme court on a bond. The defendant Bacon was an insurance agent, doing business at the city of Troy. The plaintiff was an incorporation of the firemen of that city. On January 9, 1855, Bacon, pursuant to the requirement of the act of March 30, 1849 (*L.* 1849, c. 178), executed a bond, with the defendant Maulin as surety, conditioned to render annually to the treasurer of said fire department an account of all premiums for insurances effected by him in behalf of foreign associations, and to pay such treasurer *two per cent.* upon all such premiums. At the date of the bond, and ever since, Bacon was agent for the Liverpool and London Fire and Life Insurance Company, organized abroad and having its American agency in the city of New York.

The complaint alleged for a breach of the bond, the neglect to furnish the account and to pay the *two per cent.* for the year ending February 5, 1860.

It appeared that the Liverpool and London Fire and Life Insurance Company, during three years preceding the trial, and including the year ending at the last mentioned date, had up-

wards of three hundred thousand dollars invested upon bonds and mortgages within the State (of which one hundred thousand dollars was deposited with the comptroller), all of which, except about sixty thousand dollars, was upon property in the city of New York, and that the company paid annually, in the city of New York, taxes to the amount of from five thousand dollars to six thousand dollars.

The defense was, that by the act of April 30, 1857 (*L.* 1857, ch. 548), the mode of taxing foreign associations doing business in this State, was so changed as to exonerate the defendant from performing the condition of the bond, and the only question in the case arose upon the construction of the two acts above referred to. They are recited in the opinion.

*The supreme court,* in an opinion by PECKHAM, J., delivered at circuit, and affirmed by the court at general term held that the act of 1849, requiring the bond, was not affected by the act of 1857, except as to the city of New York alone, and therefore the act of 1849 embraced the case, and made defendants liable. Hence that if defendants' corporation did business out of the city of New York in any incorporated city or village, it must fulfill the obligations of the act of 1849. Defendants appealed.

*W. A. Beach,* for defendants, appellants;—Cited, *L.* 1814, c. 49; *L.* 1837, c. 30; *L.* 1849, c. 178; *L.* 1853, p. 915, § 23; 1 *R. S.* p. 714, § 1; *L.* 1858, p. 405; People *ex rel.* Parker Mills *v.* Com. of Taxes of N. Y., 23 *N. Y.* 242; *Smith Com.* §§ 636, 496; Act of 1857, § 1.

*Oliver P. Buel,* for plaintiff, respondent;—Cited, *L.* 1857, c. 548, p. 171 (4. *Edm. Stat. at L.* 248); Matter of Webb, 24 *How. Pr.* 247, 249; *L.* 1849, c. 178, p. 239 (4 *Edm. Stat. at L.* 200); *L.* 1858, c. 255, p. 405; *L.* 1814, p. 52; *L.* 1824, p. 340; 6 *Bac. Abr.* 380, 391, 10; *Smith Com.* §§ 478, 466, 636; Waller *v.* Harris, 20 *Wend.* 555, 561; Jones *v.* Harrison, 6 *Exch.* 333; McCluskey *v.* Cromwell, 11 *N. Y.* (1 *Kern.*) 593, 602; 1 *Stat. at L.* 663; *L.* 1829, c. 336; *L.* 1837, c. 30; *L.* 1862, c. 502, 300; *L.* 1853, p. 893; *L.* 1862, p. 507, 618; *L.* 1866, p. 1848; Ins. Cos. *v.* Com. of Taxes, 17 *How. Pr.* 206, 210; 1 *R. S.* 389,

§ 5 (1 *Stat. at L.* 362), 414, § 2; 2 *Stat. at L.* 355; 4 *Stat. at L.* 222, § 15; .§ 251, 2; Parker Mills *v.* Com. of Taxes, 23 *N. Y.* 242; People *v.* N. E. Ins. Co., 26 *Id.* 303; Gen. Fire Ins. Co. Act, *L.* 1853, c. 466, § 23, p. 915; Western Transp. Co. *v.* Scheu, 19 *N. Y.* 408; Oswego Starch Factory *v.* Dolloway, 21 *Id.* 449, 452; 3 *E. D. Smith*, 440 and note, 453, 456; People *v.* Mayor of Brooklyn, 4 *Comst.* 420, 427.

BY THE COURT.—J. M. PARKER, J.—[After stating facts.] The law of 1849 [Act of Mar. 30, *Laws of* 1849, p. 239, c. 178], by section 1, requires every person who shall act as agent on behalf of any association not incorporated by the laws of this State, to effect insurances against losses by fire in the city and county of New York, to pay to the treasurer of the fire department of that city, for the use and benefit thereof, annually two per cent. upon the amount of all premiums received by such person during the year. Section 2 requires every such agent, before effecting any such insurances, to give to the fire department of the city, a bond conditioned to render an annual account to such treasurer of all premiums received by him for such insurances effected by him in said city, and for the payment of the two per cent. thereon. Section 3 imposes a penalty upon every person who shall effect such insurances without having executed such bond. Section 4 requires every such agent to report to the comptroller of the State and to the said treasurer, the street and number in said city of his place of business as such agent; and section 5 provides that section 1, 2 and 3 shall apply to every city and incorporated village in this State.

No question is made but that, by this act, the bond of the defendant Bacon was required to be made to the plaintiff, and the payment of the *two per cent.* therein specified, incumbent upon the defendant.

The act of 1857, so far as it affect the question at issue, is as follows:

"Section 1. Sections one, two three and four, of an act entitled 'An act further to amend the acts in relation to insurances on property in this State, made by individuals and associations unauthorized by law,' passed March thirty, eighteen hundred and forty-nine, so far as the said sections are applica-

ble to the city and county of New York, but no further, are hereby repealed, and the following ten sections are substituted therefor: *Provided,* however, that any corporation or association created by, or organized under the laws of any government other than the States of this Union, and having assets, funds or capital, not less in amount than three hundred thousand* dollars, invested in this State, shall be liable to taxation upon such assets, funds or invested capital, as the same is levied or assessed yearly by law, which tax shall be paid as follows: Such an amount thereof as would be equal to two per cent, upon its gross premiums received for insurances upon property in the city of New York, shall be paid annually, *as hereinbefore provided, to the treasurer of the fire department of the city of New York,* and the residue of said tax requisite to make up the full amount of taxation upon its capital, as hereinbefore provided, shall be paid to the mayor, aldermen and commonalty of the city of New York, as in the case of ordinary taxation; and the payments so made as aforesaid, shall exempt such corporation or association making the same, from any and all further taxation upon its premiums, capital or assets; and whenever such capital shall be reduced below said sum of three hundred thousand* dollars, or withdrawn entirely, then, and in either event, such corporation or association shall be liable to pay the tax upon its premiums, as heretofore provided in this act." Then follow the ten substituted sections above referred to, which, with some modifications and additions, re-enact the provisions of the repealed sections, so as to give them greater efficiency in the city of New York.

The act of 1849, so far as it is applicable to the cities and villages of the State, other than the city of New York, stands unrepealed, an existing, operative statute. Does the *proviso* come in as against *it,* and relieve the foreign associations having the investment of three hundred thousand dollars, from the taxation provided for by *it,* or only relieve them from the tax provided for by the *substituted* sections applicable exclusively to the city of New York?

It is manifest, I think, that the entire act of 1857, including

---

* Reduced to one hundred and fifty thousand dollars by *L.* 1858, c. 255.

the *proviso*, was intended to apply exclusively to the city of New York. The ten substituted sections confessedly were, and it is equally clear that the last and only remaining section is only so applicable. I am satisfied that the *proviso* also was so intended, and that it is simply a limitation of section 1 (including the ten subsections), providing that the provisions therein contained, as to taxation on premiums, shall not in a certain event apply, as without the *proviso* they would apply; and, as those provisions are restricted to the city of New York, the *proviso* must also be restricted. The whole tenor of the *proviso*, although its language is in some respects general, accords with this view of it. The amount of tax levied under it, is, in its disbursement, confined within the city of New York, taking the place of the two *per cent.* on premiums, required by the said ten subsections, to the extent of such two *per cent.*, and no part of any surplus extended to other localities, which are left subject to the act of 1849.

The counsel for both parties agree that the position of the *proviso*, for the purpose of construction, is immediately after the ten subsections. That is in accordance with the effect above given it, in making it qualify those sections. In that position its effect is necessarily restricted, as it seems to me, to those sections, and cannot extend to the act of 1849. Although these ten sections of the act of 1857 are substituted for the four sections of the act of 1849, the latter are not superseded or merged in the former, but continue in operation, with reference to the other cities and villages, precisely as before the act of 1857 was passed. Both are complete and independent acts, the act of 1849 applicable exclusively to the cities and villages of the State other than the city of New York, and that of 1857 exclusively to the city of New York.

This construction of the *proviso* does not conflict with any apparent object of the enactment, but rather harmonizes with the general policy of the law in reference to its subject—the taxation of these foreign fire insurance companies. That policy, inaugurated by the act of 1849, devotes the proceeds of the taxation of these associations to the various fire departments of the State where the associations operate. I do not think it was the intention of the *proviso* to subvert this policy. The

application of the proceeds of the tax created by it to the fire department of the city of New York, to an extent equal to two *per cent.* upon premiums there accruing, indicates not only the *local* character of the *proviso*, but an adherence to the policy above referred to.

I am of the opinion that the construction adopted by the supreme court was right, and that its judgment should be affirmed.

All the judges concurred.

Judgment affirmed, with costs.